94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lee STOKES, Plaintiff-Appellant,
v.
Marvin SPARKS; William Desmond; Carlos Rowland,
Defendants-Appellees.
 No. 95-4243.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 Before: CONTIE, BOGGS, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Robert Lee Stokes, proceeding pro se, appeals a district court order dismissing his civil rights suit, construed to be filed pursuant to 42 U.S.C. §§ 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Stokes sued two of his supervisors at Queen City Metro (Metro) and a Metro attorney. Stokes asserted that the defendants violated his free speech rights by conspiring to retaliate against him after he testified in a co-worker's trial. Upon the magistrate judge's recommendation and over Stokes's objections, the district court construed the defendants' motion to dismiss as a motion for summary judgment and granted summary judgment in favor of the defendants. In his timely appeal, Stokes reasserts his same claims.
 
 
 3
 Upon review, we conclude that the district court properly granted summary judgment because there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995).
 
 
 4
 To state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States, and 2) the deprivation was caused by a person while acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). We do not decide whether the defendants are state actors as it is clear that Stokes's constitutional rights have not been violated.
 
 
 5
 Government officials may not retaliate against persons who have participated in constitutionally protected conduct, Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977), such as testifying at trial. See, e.g., Reeves v. Claiborne County Bd. of Educ., 828 F.2d 1096, 1100 (5th Cir.1987) ("the [F]irst [A]mendment protects the right to testify truthfully at trial") (quoting Smith v. Hightower, 693 F.2d 359, 368 (5th Cir.1982)). However, "[t]he constitutional principle at stake is sufficiently vindicated if such an employee is placed in no worse a position than if he had not engaged in the conduct." Doyle, 429 U.S. at 285-86. As Stokes has not shown that his career suffered in any way, he is not entitled to relief on his retaliation claim.
 
 
 6
 Stoke's claim that defendants illegally conspired to retaliate against him is without merit. The conspiracy claim fails because the retaliation claim fails as discussed above. Thus, Stokes has not shown any underlying constitutional or federal law violation to the conspiracy. See 42 U.S.C. § 1985(3).
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.